On remand, the trial court conducted a new probation revocation hearing. Prior to the hearing, a new delinquency report was issued charging appellant with violations of the terms of his probation, as follows: Disorderly conduct and failure to avoid injurious habits. Proper notice was given appellant prior to the hearing, and he was represented by counsel at the hearing. After the hearing, the trial court found that appellant, while on probation, threatened officers of the Tuscaloosa Police Department with bodily harm, including at least one threat to kill an officer, and committed the offense of disorderly conduct, for which he was convicted in the Tuscaloosa Municipal Court. Based upon those findings, the trial court revoked appellant's probation on October 6, 1987, and ordered that he serve his full sentence. He appeals this revocation.
Upon review of the record, we find the proceedings to be proper in every respect. We find that there was sufficient evidence to support the revocation. The proceedings fully met the due process requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). Appellant's counsel has filed a brief which meets the requirements of Anders v. California,386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he states that "he can find no error harmful to appellant or any error which counsel could in good faith and conscience advance in appellant's favor."
The judgment of the trial court revoking probation is due to be, and it is hereby, affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.